**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SPARACINO PLLC,<br>1920 L Street, N.W., Suite 535<br>Washington, D.C. 20036,<br><br>            Plaintiff,<br><br>    v.<br><br>DEFENSE INTELLIGENCE AGENCY<br>7400 Pentagon<br>Washington, DC 20301,<br><br>            Defendant. | Case No.: _____ |

**COMPLAINT FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT**

## INTRODUCTION

1.  Plaintiff Sparacino PLLC represents hundreds of U.S. citizens who were injured (or whose relatives were killed or injured) by terrorist attacks in Iraq, including American military veterans and Gold Star families. Those attacks were committed by a Hezbollah-sponsored terrorist group known as "Jaysh al-Mahdi." Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Defense Intelligence Agency ("DIA") to produce records related to Jaysh al-Mahdi and Hezbollah. The records sought in this lawsuit will shed light on those groups' operations and yield evidence directly relevant to claims asserted by hundreds of Americans who served their country in Iraq.

2.  Plaintiff properly submitted four targeted requests for relevant DIA records pursuant to FOIA and applicable agency regulations.

3.  DIA's statutory deadline for making a determination concerning each request has expired, but the agency has neither produced any records nor made a determination as to those requests. DIA's failure to act on Plaintiff's requests violates FOIA.

4.  Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and now seeks judicial relief compelling DIA to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

6.  Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

7. Plaintiff Sparacino PLLC is a law firm with an office in Washington, D.C. Plaintiff submitted each of the FOIA requests identified in this Complaint.

8. Defendant Defense Intelligence Agency is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DIA is believed to have possession, custody, and control of records responsive to Plaintiff's requests.

## FACTUAL ALLEGATIONS

### I. Background

9. Plaintiff and its undersigned co-counsel represent more than 1,200 U.S. citizens who were killed or injured, or whose relatives were killed or injured, by Jaysh al-Mahdi in Iraq between 2005 and 2011. Those attacks were committed, planned, and authorized by Hezbollah. Plaintiff's clients have asserted claims in this District against large medical-supply companies that helped finance Jaysh al-Mahdi's and Hezbollah's terrorist acts by, among other things, making corrupt payments to obtain contracts from the Jaysh al-Mahdi-controlled Ministry of Health ("Ministry"). *See* Third Am. Compl., *Atchley v. AstraZeneca UK Ltd.*, No. 17-cv-02136-RJL (D.D.C. Jan. 21, 2020), ECF No. 124.

10. DIA possesses records relevant to those claims. Specifically, DIA produced extensive intelligence reporting on Jaysh al-Mahdi and Hezbollah, including analyses of their strategy and tactics and their financing sources – such as corrupt revenue flows from the Iraqi ministries (like the Ministry of Health) that Jaysh al-Mahdi controlled. Such records are relevant to Plaintiff's clients' claims and subject to disclosure under FOIA, and should be produced.

11. The requested records also have broader public significance beyond the *Atchley* litigation. National media has reported on the *Atchley* plaintiffs – many of whom are Gold Star families and wounded military veterans, and all of whom made great sacrifices for our country –

reflecting the public's interest in terrorist financing in Iraq.[1]  Further reflecting the public importance of records related to these allegations, the Department of Justice (the "DOJ") is reportedly investigating the corrupt dealings alleged by the *Atchley* plaintiffs,[2] as several *Atchley* defendants have publicly acknowledged.[3]  Production of the requested records would thus not only serve the interests of Plaintiff's clients; it would benefit the public interest.

## II. Plaintiff Submitted Four FOIA Requests For DIA Records

12.  Between June and September 2019, Plaintiff properly submitted four separate FOIA requests for DIA records via electronic mail.  As discussed more fully below, the requests reasonably describe the requested records and provide all information required by Department of Defense regulations to perfect the requests.  *See* 32 C.F.R. § 286 *et seq*.  Those requests are summarized below, with supporting documentation attached as appropriate.

---

[1] *See*, *e.g.*, Gardiner Harris, *Lawsuit Claims Three U.S. Companies Funded Terror in Iraq*, N.Y. Times (Oct. 17, 2017); Kyle Swenson, *Lawsuit:  Big Pharma Funded Terrorism in Iraq with Payments to Corrupt Health Ministry*, Wash. Post (Oct. 19, 2017).

[2] *See*, *e.g.*, Gardiner Harris, *Justice Dept. Investigating Claims that Drug Companies Funded Terrorism in Iraq*, N.Y. Times (July 31, 2018).

[3] Three of the five named corporate-family defendants, AstraZeneca, Johnson & Johnson, and Pfizer, disclosed the DOJ investigation in their Securities and Exchange Commission filings.  *See* AstraZeneca PLC, Report of Foreign Issuer (Form 6-K) at 58 (July 26, 2018) (stating that it "received an inquiry from the US Department of Justice in connection with an anti-corruption investigation relating to activities in Iraq, including interactions with the Iraqi government and certain of the same matters alleged in the [*Atchley*] Lawsuit"); Johnson & Johnson, Quarterly Report (Form 10-Q) at 40-41 (Aug. 2, 2018) ("Also, the company has received an inquiry from the United States Department of Justice regarding the matters set out in the [*Atchley*] complaint."); Pfizer Inc., Quarterly Report (Form 10-Q) at 44 (Aug. 9, 2018) (stating that, "[i]n July 2018, the U.S. Department of Justice requested documents related to [the *Atchley*] matter, which we will be providing"; and noting "government investigations related to contracts with the Iraqi Ministry of Health").  Another defendant, Roche, confirmed to the press that it "received an inquiry from and is cooperating with the Department of Justice on this matter."  Angus Liu, *Roche, Johnson & Johnson Pulled into Justice Department Probe of Alleged Terrorist Bribes*, FiercePharma (Aug. 2, 2018), https://www.fiercepharma.com/pharma/roche-johnson-johnson-also-under-justice-department-probe-alleged-terrorist-bribes.

13.     *Request FOIA-00255-2019*.  This request seeks records relating to six named Jaysh al-Mahdi or Hezbollah operatives, as well as records relating to the use of explosively formed penetrators – a Jaysh al-Mahdi- and Hezbollah-signature weapon that killed and injured many of Plaintiff's clients.  The request is attached here as Exhibit A.

14.     Plaintiff submitted this request on June 18, 2019.  DIA acknowledged the request by letter dated June 27, 2019 and assigned it a tracking number.  The letter stated that DIA could not respond to Plaintiff's request within the "statutory 20 days' response period" and said that the agency "cannot provide an estimated date of completion."  Roughly five months later, in a letter dated November 14, 2019, DIA sent another letter and informed Plaintiff that the estimated date of completion for Request FOIA-00255-2019 was December 20, 2020.  Since then, DIA has made no further communications about this request.  It has neither produced any records nor conveyed a determination on any part of Plaintiff's request.

15.     *Request FOIA-00008-2020*.  This request seeks a Defense Intelligence Assessment entitled "(U) Iraq:  Shedding Light on Operation CHARGE OF THE KNIGHTS in Basra."  The request provides a specific citation to the report and attaches its title page.  The request is attached here as Exhibit B.

16.     Plaintiff submitted this request on September 24, 2019.  DIA acknowledged the request by letter dated October 4, 2019 and assigned it a tracking number.  The letter stated that DIA could not respond to Plaintiff's request within the "statutory 20 days' response period" and said that the agency "cannot provide an estimated date of completion."  Since then, DIA has made no further communication about this request.  It has neither produced any records nor conveyed a determination on any part of Plaintiff's request.

17.     *Request FOIA-00009-2020*.  This request[4] seeks intelligence reporting concerning Jaysh al-Mahdi and/or the Iraqi Ministry of Health.  The request suggests a list of intelligence requirements, field reporter numbers, and topical codenames likely to yield responsive records.  The request (including both parts that the agency appears to have grouped together) is attached here as Exhibits C and D.

18.     Plaintiff submitted this request on September 24, 2019.  DIA acknowledged the request by letter dated October 4, 2019 and assigned it a tracking number.  The letter stated that DIA could not respond to Plaintiff's request within the "statutory 20 days' response period" and said that the agency "cannot provide an estimated date of completion."  Since then, DIA has made no further communication about this request.  It has neither produced any records nor conveyed a determination on any part of Plaintiff's request.

19.     Consistent with the detailed nature of each of Plaintiff's requests, DIA has never asserted that any of the requests failed reasonably to describe the records sought or was improper or deficient in any manner.  To the contrary, DIA acknowledged each request and conveyed its understanding of the records sought.  DIA never sought any additional information, despite Plaintiff's express willingness to facilitate the agency's search for responsive records.  Instead, DIA has failed to respond substantively to any of Plaintiff's requests.

---

[4] Plaintiff actually submitted two substantially similar but discrete requests seeking these records, which are attached as Exhibits C and D, respectively.  DIA's response letter (attached here as Exhibit E) appears to have grouped them together and assigned them a single tracking number.  For that reason, this Complaint discusses the requests contained in Exhibits C and D collectively, under the agency's FOIA-00009-2020 tracking number.

### III. DIA Failed to Make Determinations Within FOIA's Time Limits, and Plaintiff Has Constructively Exhausted Administrative Remedies

20. Between June and September 2019, each request was properly submitted with the required information. *See* 32 C.F.R. § 286.5. DIA quickly assigned tracking numbers to each request and, within several days of submission, acknowledged receipt. Under the ordinary operation of FOIA's statutory "20-day period to respond," 32 C.F.R. § 286.8(c), DIA's deadline to make a determination was, at latest, July 26, 2019 for FOIA-00255-2019 and November 1, 2019 for FOIA-00008-2020 and FOIA-00009-2020. *See* 5 U.S.C. § 552(a)(6)(A)(i) (requiring a determination within 20 working days of receipt of a FOIA request). Even assuming that the DIA's response letters adequately invoked "unusual circumstances" sufficient to request an extension of "10 working days," 32 C.F.R. § 286.8(c) – which they did not – that would have pushed the agency's deadline to August 9, 2019 for FOIA-00255-2019 and November 15, 2019 for the remaining requests. But DIA never requested such an extension – whether 10 working days or longer – and it failed to meet its regulatory requirement to provide Plaintiff "with an opportunity to modify the request or arrange an alternative time period for processing the original or modified request." 32 C.F.R. § 286.8(c). In any event, even if DIA had sought and obtained the 10-day extensions, those extended deadlines have long since passed.

21. The tracking numbers and relevant dates for Plaintiff's four requests are set forth in the table below:

| Tracking Number | Request Submission Date | DIA Acknowledgment Date | Statutory Deadline Under FOIA |
|---|---|---|---|
| FOIA-00255-2019 | 6/18/2019 | 6/27/2019 | 7/26/2019 |
| FOIA-00008-2020 | 9/24/2019 | 10/4/2019 | 11/1/2019 |
| FOIA-00009-2020[5] | 9/24/2019 | 10/4/2019 | 11/1/2019 |

---

[5] As noted above, this tracking number actually encompasses two similar requests that the agency appears to have combined. *See* Exs. C and D, *supra* note 4.

6

22. None of DIA's acknowledgment letters requested a specific extension of the standard 20-day deadline, or an extension of any kind. DIA also confirmed that Plaintiff's requests reasonably describe the records Plaintiff seeks and trigger the ordinary 20-day deadline. The agency has not requested that Plaintiff modify or narrow any request nor offered Plaintiff an opportunity to do so. *See* 32 C.F.R. § 286.8; 5 U.S.C. § 552(a)(6)(B)(ii), (C)(iii).

23. As of the date of this Complaint, DIA has neither produced any records in response to nor made any determination on any of Plaintiff's pending requests. Regardless of whether "unusual circumstances" apply, DIA's statutory deadline long ago expired for all of Plaintiff's requests. DIA's failure to comply with FOIA's deadline for making a determination constructively exhausts Plaintiff's administrative remedies and authorizes Plaintiff to bring suit in this District to compel prompt production and to enjoin continued wrongful withholding of records responsive to Plaintiff's requests. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## **CLAIMS FOR RELIEF**

### **Count I: Failure to Comply with FOIA**

24. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25. Plaintiff properly made each of the requests for records within the possession, custody, and control of DIA as discussed above.

26. DIA is an agency subject to FOIA.

27. DIA is required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA requests.

28. The time limit under 5 U.S.C. § 552(a)(6) and 32 C.F.R. § 286.8 for DIA to conduct such a search and to make a determination as to each of Plaintiff's FOIA requests has expired.

29. DIA has wrongfully failed to communicate to Plaintiff a determination as to each of Plaintiff's FOIA requests.

30. Pursuant to 5 U.S.C. § 552(a)(3)(A), DIA was required to produce promptly all responsive records that are subject to disclosure under FOIA.

31. DIA has wrongfully failed to make such a production for any of Plaintiff's FOIA requests.

32. Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

33. The Court should therefore order DIA to promptly produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

34. To facilitate determination of the validity of any withholdings based on FOIA exemptions DIA might ultimately assert, Plaintiff seeks an order compelling DIA to produce indexes justifying any redactions to or withholding of responsive records.

### Count II:  Declaration Precluding Assessment of Fees

35. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. DIA has failed to comply with time limits under 5 U.S.C. § 552(a)(6).

37. DIA has not discussed or attempted to discuss with Plaintiff how or whether Plaintiff could limit the scope of any of Plaintiff's FOIA requests.

38. DIA has not adequately invoked exceptional circumstances with respect to Plaintiff's FOIA requests, and no court has determined that exceptional circumstances exist.

39. Accordingly, Plaintiff is entitled to a declaration that the agency may not assess any search fees associated with any of Plaintiff's FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

a. Order DIA to promptly conduct a reasonable search for all records responsive to Plaintiff's FOIA requests, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

b. Order DIA to produce within 20 days or such other time as the Court deems proper all records responsive to Plaintiff's FOIA requests that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

c. Declare that DIA failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to any of Plaintiff's four FOIA requests;

d. Award Plaintiff attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant Plaintiff any other relief the Court deems just and proper.

Dated:  February 20, 2020

Ryan R. Sparacino (D.C. Bar No. 493700)
SPARACINO PLLC
1920 L Street, N.W., Suite 535
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

Respectfully submitted,

*/s/ Joshua D. Branson*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Matthew M. Duffy (D.C. Bar No. 1031257)
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
mduffy@kellogghansen.com

*Counsel for Plaintiff*